IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>            v.<br><br>Danielle Bertothy (1),<br><br>        Defendant. | **Crim. No. 25-21(GMM)** |

**MINUTES**

**Date: June 24, 2025**
**BEFORE HONORABLE GINA R. MÉNDEZ-MIRÓ**
**COURTROOM DEPUTY: Omar Flaquer-Mendoza**
**COURT REPORTER: Evilys Carrión**

**FOURTH STATUS CONFERENCE HELD on June 24, 2025, in Courtroom 6, First Floor, Old San Juan Courthouse. The Conference began at 10:09 a.m. and ended at 11:28 a.m.**

The Government was represented by AUSA Jeanette M. Collazo-Ortiz ("AUSA Collazo") and AUSA Corinne Cordero-Romo ("AUSA Cordero"). The Defendant, Danielle Bertothy ("Defendant"), was represented by retained counsel Jennie M. Espada-Ocasio ("Counsel Espada").

The Court summarized the case's relevant procedural history. It requested a status update, since the jury trial is set for **August 11, 2025.** The Court informed it intended to set additional deadlines regarding motions *in limine*, jury instructions, among others. The Court, however, referenced the motion titled *Notice by Defendant In Advance Of Status Conference* ("Docket No. 37 Motion") filed yesterday by Counsel Justin K. Gelfand ("Counsel Gelfand"),

**Minutes – Fourth Status Conference**
**Crim. No. 25-21(GMM)**

at Docket No. 37, and expressed concerns with the issues raised
therein, particularly those pertaining to discovery.

First, the Court inquired whether the Government had provided all
discovery to the Defense, as it previously reported that all Rule
16 discovery was complete and that there was only one issue
outstanding, that is: supplemental discovery regarding the K-9. To
this point, the Government clarified that all discovery had been
provided. The Government added it had provided all relevant K-9
documents. However, the Government reiterated that documents of
all investigations/ false-positives of the K-9 is overbroad and
burdensome. As to the Defense, Counsel Espada informed that Counsel
Gelfand inspected the empty cannister and the site of the fire.
Also, that the Defense expected the that the liquid would be
preserved so that an expert could test it, but they were only able
to examine the empty canister.

Second, the Court addressed the Defense's expert witness as the
Court had set **Thursday, June 26, 2025,** as the deadline for
submission of the expert report. (Docket No. 36). In the Docket
No. Motion, the Defense informed that an "undated fire
investigation report" had been provided recently and that the
Government had yet to comply with Rule 16(a)(1)(G) duties to
disclose. Also, the Defense informed in the Docket No. 37 Motion
that it "may require and extension of the current deadline," but
did not request such extension. The Court expressed concern since
nearly two months had elapsed, and any extension of time by the
Defense would alter the Court's calendar as to trial and related
deadlines. Therefore, the Court requested the Government to
clarify if this "undated report" was an updated version of the
previous report, since the Government had reported at the second
status conference held on April 23, that the *Origin and Cause*

Minutes – Fourth Status Conference
Crim. No. 25-21(GMM)

*Report* from the Government's fire expert was received on April 17, 2025, and was immediately provided to the Defense on that date. *See* Minutes (Docket No. 35). The Government clarified that its expert report was indeed provided to the Defense on April 17, 2025. As to the allegation that the Government has not complied with Rule 16, AUSA Cordero argued that only the CV for the expert was pending, which is usually provided with notice of expert on the eve of trial. In addition, AUSA Cordero expressed that the Government had not received any disclosures regarding the Defendant's expert or reciprocal discovery, which was requested at the time the Government tendered its discovery to the Defendant. Because as, to this date, the Government has not received a response as to reciprocal discovery, it intends to file a motion with the request. As to the Defense, Counsel Espada informed that the expert had been retained but has not decided if it intends to use this expert witness at trial. She argued that the Defense is continuing to work as diligently as possible to fully comply with expert disclosures and the Court's deadline, but that those efforts depended on additional information that had not been provided by the Government, including the Government's expert CV. To this point, the Court indicated that the lack of the Government's expert CV and qualifications did not justify the Defense's inability to produce a report and comply with the deadline. This, since Counsel Gelfand informed during the previous conference that the expert was evaluating the documents provided at the time. *See* Minutes (Docket No. 36). Also, the Court emphasized that the Defense would have ample opportunity to question the Government expert's qualifications during trial, and that not having the CV at this time should not impede the defense from disclosing their expert's report. The Court warned that if the Defense was requesting an extension of time as to the expert report, it had to present just cause.

Minutes – Fourth Status Conference
Crim. No. 25-21(GMM)

Third, the Court addressed plea negotiations. The Government reported it received mitigation information from Counsel Espada yesterday at 8:43 p.m. and had not had an opportunity to review it. Notwithstanding, the Government indicated that a plea offer would be tendered to the Defendant. AUSA Collazo informed that a plea offer could be extended by tomorrow or the end of the week and would only give the Defense until July 3 to accept or reject the offer. AUSA Collazo emphasized that it would be the only and best offer from the Government, as she expressed concerns with motion practice and trial preparation considering the upcoming deadlines and trial date in this case. When the Court inquired about the Defendant's intention to go to trial, Counsel Espada explained that it was Counsel Gelfand who would need to meet with the Defendant to discuss the matter, but that from her conversations with the Defendant she remained open minded as to plea negotiations. To this point, Counsel Espada expressed that she was in charge of gathering mitigation information but had faced some challenges. She was able to provide the Government with a basic mitigation statement but had yet to gather records from the Metropolitan Detention Center ("MDC") in Guaynabo and to make calls with the Defendant's sister and mother. Counsel Espada requested assistance from the Court to obtain the MDC program review and any certificates earned while at MDC. The Court granted the request and will issue the corresponding order. Considering that the Defendant needs to gather additional mitigation information, the Government agreed to extend the deadline to receive mitigation until this Friday, June 27, 2025, and plea offer will be tendered to the Defendant by Monday. The Court then indicated that it would set a deadline for the Defendant to inform if she will proceed to trial or change her plea.

Minutes – Fourth Status Conference
Crim. No. 25-21(GMM)

Fourth, the Court addressed additional matters that the Defendant raised in the motion filed at Docket No. 37, particularly those regarding privileged communications at MDC and access to medication. The Defense informed the Court that MDC had been responsive to the defense's requests to ensure phone calls with Counsel Gelfand. However, Counsel Espada reported that at times MDC did not follow through with the scheduled calls and Counsel Gelfand had faced challenges in being able to communicate with the Defendant. To this extent, the Court expressed that no matters regarding access to phone calls and how that was affecting the defense had been previously brought up. To the contrary, the defense had informed that visits had been arranged to MDC, and only initially had there been difficulties when Counsel Gelfand had not been in Puerto Rico. The Court warned during the first status conference and reiterated that the defense had to make the necessary arrangements to be in Puerto Rico to properly assist with the Defense. *See* Minutes (Docket No. 29). The Court emphasized that the Defendant had chosen to be represented by outside counsel and that choice implicated that counsel must plan to visit MDC and be able to assist and communicate directly with his client. It was also clarified that it was not within the Court's purview to address matters concerning MDC's administrative procedures. However, to the extent that the Defense is alerting as to challenges in communicating with the Defendant and this implicates her right to effective assistance of counsel and could potentially affect the case's schedule, the Court will issue a general order addressing this matter.

In addition, the Court addressed the matter raised as to access to medications. Counsel Espada informed that the Defendant required medications for her allergies, and they are allegedly not available at the commissary. Again, the Court emphasized that this was not

Minutes – Fourth Status Conference
Crim. No. 25-21(GMM)

within its purview, but it would address the manner generally to
assist with MDC.

After hearing the parties, the Court proposed dates as to deadlines
to provide Jencks material, proposed jury instructions, voir dire,
motions *in limine* and dispositive motions. However, the Government
expressed concerns as to the proposed dates considering that they
were too close to the established trial date. Particularly, AUSA
Collazo indicated that these dates could affect trial preparations
and that the Court had to take into consideration that there would
be witnesses coming from outside the island. The Defense also
expressed concerns in terms of the deadline for change of plea,
considering the pending mitigation material. Since the parties
expressed concerns as to the deadlines considering the upcoming
August trial, the Court asked them to clarify if they were
requesting a continuance, as neither the Government nor the defense
had raised objections when the trial date was set during the past
status conference. Both the Government and the Defense expressed
they were not asking the trial to be continued.

Consequently, the Court set the following schedule:

- **On or before July 11, 2025, the Defendant shall file a motion
  informing if she will change her plea or proceed to trial.**
- **Lafler/Frye Hearing is set for July 14, 2025 at 11:00am in
  Old San Juan Courtroom.**
- **Motions *in limine* must be filed on or before July 16, 2025.**
- **Dispositive motions must be filed on or before July 16,
  2025.**
- **Jencks material is due August 4,2025.**
- **Proposed Jury Instructions and Voir Dire also due by August
  4,2025.**
- **Change of Plea or Pre-Trial Hearing is set for August 1, 2025
  at 9:00am in Old San Juan Courtroom.**

Minutes – Fourth Status Conference
Crim. No. 25-21(GMM)

- **<span style="color:red">Jury Trial remains set for <u>August 11, 2025</u> in Old San Juan Courtroom.</span>**
- **<span style="color:red">Deadline to disclose Defendant's expert report remains set for <u>June 26, 2025</u>.</span>**

- **The Court expects strict compliance with the deadlines imposed. If the Parties are unable to comply, they much show cause and the Court will consider if an extension of time is proper. The Court will not be lenient and will not delay proceeding unless there are reasons of weight.**

**In addition, as requested by the defense the Court issues the following as to MDC:**

**On or before June 27, 2025, the MDC shall provide Counsel Espada with the program review and any certificates earned while at MDC as to Defendant Danielle Bertothy.**

**In addition, the Defendant informed through defense counsel as to her medical condition. The matter is referred to the medical staff at MDC for evaluation and treatment as deemed necessary. Also, the matter of telephone communications with defense counsel is referred to the legal department so as to facilitate the Defendant's communication with her out of jurisdiction legal representation.**

**<span style="color:red">The Court finds that the ends of justice outweigh the interest of the public and the Defendant in a speedy trial in view of the defense's need for additional time to review discovery and discuss the case with the Defendant and begin plea negotiations.</span>**

**/s/ Omar Flaquer-Mendoza**
Omar Flaquer-Mendoza
Case Manager/Courtroom Deputy Clerk
to Hon. Gina R. Méndez-Miró,
U.S. District Judge


APPROVED BY:

**/s/Gina R. Méndez-Miró**
United States District Judge