UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>DANIEL BERTOTHY,<br>Defendant. | CRIM. NO. 25-020 (GMM) |

## UNITED STATES' SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorney, and submits this sentencing memorandum in aid of the Court for the purposes of sentencing the above-captioned defendant.

1. The United States Sentencing Recommendation

Pursuant to the plea agreement the United States recommends that the defendant be sentenced to 5 years of imprisonment.

2. Guideline Calculations in the Plea Agreement

The parties reached the following sentencing guideline calculations in the Plea Agreement (ECF # 51):

1

| SENTENCING GUIDELINES CALCULATION<br>COMBINED OFFENSE LEVEL<br>18 U.S.C. § 844(i) ||||||
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2K1.4 ||||| 24 |
| Acceptance of Responsibility: U.S.S.G.§ 3E1.1 ||||| -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** ||||| **21** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 37-46 | 41-51 | 46-57 | 57-71 | 70-87 | 77-96 |

However, even though these are the U.S.S.G. the charged offense is subject to a mandatory minimum sentence of 5 years pursuant to 18 U.S.C. § 844(i).

3. <u>Guideline Calculations in the Pre-sentence Report</u>

After consideration of the charge and facts related to the above-captioned case, the United States Probation Office for the District of Puerto Rico established the following guideline calculations (ECF # 58):

**Count 1**: Use of Fire to Destroy any Building Affecting Intestate Commerce (Arson)

36. **Base Offense Level:** The guideline for a violation of 18 U.S.C. § 844(i) is found in USSG §2K1.4. This section provides that an offense involving Arson and (A) the offense created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly; or (B) involved the destruction or attempted destruction of a dwelling, or a place of public use, establishes a base offense level of 24. USSG §2K1.4(a)(1).   **24**

37. **Specific Offense Characteristics:** None.   **0**

38. **Victim Related Adjustment:** None.   **0**

39. **Adjustment for Role in the Offense:** None.   **0**

40. **Adjustment for Obstruction of Justice:** None.   **0**

41. **Adjusted Offense Level (Subtotal):** Twenty-Four   **24**

42. **Chapter Four Enhancement:** None.   **0**

43. **Acceptance of Responsibility:** The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a).   **-2**

44. **Acceptance of Responsibility:** The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b).   **-1**

45. **Total Offense Level:** Twenty-One   **21**

**Custody**

85. **Statutory Provisions:** The minimum term of imprisonment is five years and the maximum term is 20 years. 18 U.S.C. § 844(i).

86. **Guideline Provisions:** Based upon a total offense level of 21 and a criminal history category of I, the guideline imprisonment range is 37 months to 46 months. However, the statutorily required minimum sentence of five years is greater than the maximum of the applicable guideline range; therefore, the guideline term of imprisonment is 60 months. USSG §5G1.1(b).

4. <u>Summary of Facts of Criminal Conduct</u>

During the evening hours of January 1, 2025, a woman was acting unruly at Bar Marea, located in Combate Ward in Cabo Rojo, Puerto Rico. The staff of Bar Marea called the municipal police to the scene to deal with her. Subsequently, the woman was asked to leave the bar. The Municipal Police Officers escorted the woman back to the Airbnb that was located across the street from the bar. Later in the evening, the same woman returned to Bar Marea and started a confrontation with the staff. She was denied entry to the bar. The same Municipal Officers returned to the scene and asked the woman to return to her Airbnb.

On January 2, 2025, at approximately 12:47 am, the PRPB received a call regarding a fire at and Hotel Luichy's. Bar Marea is in the same property as Hotel Luichy's, Artesanias Juavia, and Restaurant Marinera. It was later identified on surveillance video that the fire started in front of Bar Marea.

Based on video footage form Restaurant Marinera, a woman who matches the description of the woman that was removed from Bar Marea twice on the evening of January 1, 2025, was seen carrying a red canister, suspected to filled with gasoline and walking from the direction of her Airbnb toward Bar Marea in the early morning hours of January 2, 2025, when the business was closed. Another security camera angle footage viewed from a nearby business, shows the same woman walking from the

4

Airbnb property with a gas canister, past Restaurant Marinera and stopping in front of Bar Marea. Shortly after, a fire is seen starting where the woman is standing. She is then seen walking back in the same direction she came. The woman is seen carrying the same canister and walking back to the Airbnb. The fire then spread to neighboring businesses, Artesanias Juavia and Resturant Marinera and Hotel Luichy's.

Hotel Luichy's was operating at almost full capacity with approximately 37 guests of which 3 were children. The patrons and staff of the impacted businesses were evacuated by individuals who noticed the fire at its early stages, leading to no injuries being sustained by anyone4. Investigators learned that the owner of the Airbnb Ms. Bertothy was staying, had provided her with a red container of gasoline through a cohost who delivered the gasoline to her to run an electric generator due to a black out in Puerto Rico prior to the fire at Bar Marea.

The owners of Bar Marea and Artesania Juavia were shown the surveillance footage of the woman carrying the red canister and identified her as the same woman who was unruly at Bar Marea. PRPB later identified her as Danielle Berthoty, of St. Peters, Missouri. The Municipal Officers were showed the footage and they also identified Ms. Bertothy as the woman they had the interactions with on the evening of January 1, 2025, in front of the bar.

5

An acquaintance of Ms. Bertothy stated that she had originally intended to stay in Puerto Rico until January 10 or 11. However, contrary to these plans, she left Puerto Rico around January 2. At her request, her acquaintance arranged a ride her to the airport and she was dropped off around 2pm at the airport that day. A Sergeant with Saint Peters Police Department made contact with Ms. Bertothy on January 3, 2025, at her residence, she informed that she received several threats as well as her mother on her phone regarding a fire in Puerto Rico. She requested an extra patrol in the neighborhood due to the threats and fear for her safety.

On January 7, 2025, ATF Agents from Saint Louis conducted a federal search warrant (SW) that was obtained from the Eastern District of Missouri at Ms. Bertothy's residence. Agents seized Ms. Bertothy's cellphone, suspected narcotics, which she admitted was cocaine, a Pink Lady, .38 caliber revolver7, Serial No. 12-02479, an I-Pad, 2 laptops, a baseball cap, a pink top, black sandals, a black top, black leggings, and a black dress.

Pursuant to the plea agreement, on January 2, 2025, in Cabo Rojo, Puerto Rico, the defendant, maliciously damaged and destroyed, by means of fire, a building, and other real and personal property used in interstate or foreign commerce or in activity affecting interstate or foreign commerce, that being a commercial building consisting

of Luichy's hotel, Bar Marea, Atesanias Juavia retail store, and restaurant Marinera located at Road 3301 KM 2.9 Combate Beach, Cabo Rojo, Puerto Rico.

5. <u>Summary of Background of Defendant</u>

The Defendant is a 37-year-old woman who is a U.S. citizen resident of the continental U.S. Around the time of the incident she was visiting Puerto Rico on vacation. She has no prior criminal history.[1]

6. <u>Sentencing Procedure, 18 U.S.C. § 3553 Factors (including plea justification)</u>

District courts should follow a standard procedure when sentencing defendants. That standard was set forth in *Gall v. United States*, 552 U.S. 38 (2007). According to that precedent, the district court's "starting point" is to determine the advisory sentencing range under the Guidelines. *Id.* at 49. That includes resolving any objections to the presentence report. *United States v. Laureano-Perez*, 797 F.3d 45, 80 (1st Cir. 2015). The parties then present their arguments on what they believe is the appropriate sentence. *Gall*, 552 U.S. at 49. After that, the district court must weigh the factors in section 3553(a) to determine whether they support the sentences requested by the parties. *Id.* A district court errs in performing this procedure by treating the Guidelines as obligatory rather than advisory, *id.* at 51, or presumptively

---

[1] For additional details about Defendant's personal circumstances please refer to Part C of the PSR.

reasonable, *United States v. Nelson*, 555 U.S. 350, 352 (2009) (per curiam). The district court is required to provide an explanation for the sentence it determines is appropriate; that allows for meaningful appellate review and promotes the perception of fair sentencing. *Gall*, 552 U.S. at 50.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court must consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established ...
> (5) any pertinent policy statement—
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

In weighing the factors under 18 U.S.C. § 3553, and making our recommendation to the Court, the parties took in account defendant's lack of criminal history, controlled substances use, nature of the offense, the applicable guidelines, and the minimum mandatory sentence.

For those reasons, the parties submit that the recommended sentence is a just and reasonable resolution to this case.

7. <u>Victim Impact and Restitution</u>

A.M.N. is the owner of Corp. Luichy's Restaurant and Guesthouse Inc., as a result of this offense, he suffered significant financial losses. In his impact statement he expressed that "Aside from the fact that the fire destroyed my source of income, it destroyed my business, caused grave and irreparable damage to my business image and reputation, and plunged me into severe depression and anxiety. The process to re-construct the hotel has been quite difficult and very costly, especially because of recurring expenses and mortgage payments on top of the re- construction costs. And the damage to the hotel's long-term business reputation still remains to be seen. I need all the help I can get."

A.B. stated that once she returned home, she sought medical attention, as she was experiencing facial and head pain from her sinuses, for which she was prescribed pain relief to help with the smoke inhalation, for weeks following the fire. She struggled to focus and concentrate at work, and waking frequently at night. Also, when she smells smoke, it causes her anxiety and fear. A.B. sought further medical help for said symptoms and was prescribed medication. Since the fire, she has struggled with anxiety, and the smell of smoke sends her into a state of panic.

9

J.A. stated in her victim impact statement: "The selfish, stupid and irresponsible act by the defendant of setting fire to Luishy's Seaside Hotel caused my family great fear and anxiety. My son had an impeding feeling of something bad happening to him and severe anxiety in the month following her act, he had to seek counseling.

A.V.P. indicated that as a result of the offense, she suffered an emotional impact and anxiety, that continues affecting her, since her room was the one which was most affected by the fire.

As a result of Defendant's actions several victims suffered losses which they are entitled to restitution under 18 U.S.C. § 3663A.

As to victim A.M.N., he suffered economical losses in the amount of $311,096.07 as detailed in Exhibit 1. Meanwhile M.S. reported losses of $3,333, A.V. $4,155, G.S. $2,179, and G.S.V. $5,838, detailed in Exhibit 2. A.B. also had economic losses and expenses totaling $9,971.20, Exhibit 3.

8. Conclusion

For these reasons the United States requests that the defendant, be sentenced to 5 years of imprisonment, 3 years of supervised release[2,] and full restitution for the victims.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 31st day of October 2025.

      W. Stephen Muldrow
      United States Attorney

      */S/ Corinne Cordero-Romo*
      Corinne Cordero-Romo
      USDC # 231111
      Assistant United States Attorney
      United States Attorney's Office
      Torre Chardón, Suite 1201
      350 Carlos Chardón Street
      San Juan, Puerto Rico 00918
      Email: corinne.cordero@usdoj.gov
      Tel. (787) 766-5656
      Fax: (787) 766-5398

---

2  A supervised release term of 3 years is appropriate due to defendant's history of substance use, mental health issues, and other factors outlined in the PSR. A term of supervised release will help her avoid to re-offend or relapse.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date, this motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to defense counsel.

*s/Corinne Cordero-Romo*
Corinne Cordero-Romo
Assistant United States Attorney
USDC No. 231111