**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Danielle Bertothy,<br><br>Defendant. | **Crim. No. 25-21(GMM)** |

<u>**MEMORANDUM AND ORDER**</u>

The Defendant Danielle Bertothy ("Ms. Bertothy") was convicted of arson- use of fire to destroy a building affecting interstate commerce in violation of 18 U.S.C. § 844(i). On November 3, 2025, Ms. Bertothy was sentenced to a term of sixty (60) months of imprisonment, in accordance with the mandatory statutory minimum and the joint recommendation of the Government and the defense, as included in the parties' *Plea Agreement*. (Docket No. 63). The Court also imposed a term of supervised release of three (3) years. As to restitution, the Court ordered the following payments to be made to the Clerk of the Court, for transfer to the victims: $3,333.00 to M.S.; $4,155.00 to A.V.; $2,179.00 to G.S.; $5,838.00 to G.S.V. and $9,971.20 to A.B. The total restitution as to these victims is $25,476.20 which was incorporated into the *Judgment*. *Judgment* was entered accordingly. (Docket No. 64).

Due to a dispute over the amounts claimed by victim Luichy's Hotel (A.M.N.), the Court, pursuant to 18 U.S.C. § 3664(d)(5),

2| Crim. No. 25-21(GMM)

deferred restitution for this victim and left the record open for ninety (90) days to determine the final amount as permitted by statute. (Docket No. 63 at 3). During this period, the parties were to negotiate a restitution agreement, and both the Defendant and the Government would file memoranda outlining their positions. (Id.).

On January 30, 2026, the Government filed an *Informative Motion Regarding Restitution Request to Amend Judgment*. (Docket No. 66). Therein, the Government informed that the parties did not come to an agreement as to the pending amount of restitution and reiterated the request for restitution as to A.M.N. for the amount of $311,096.07, as submitted at Docket No. 61 in the *United States' Sentencing Memorandum* ("Government's sentencing memorandum"). (Docket Nos. 61, 61-1). On February 18, 2026, in compliance with the Court's order at Docket No. 68, Ms. Bertothy filed *Defendant's Response to Government's Informative Regarding Restitution Motion*. (Docket No. 70). Therein, Ms. Bertothy disputed the amount of $311,096.07 and requested that the Court require the Government "to establish restitution based on verified accounting and that any requested restitution be reduced by proceeds A.M.N. actually received from crowdfunding including, but not limited to, GoFundMe." (Id. at 4).

On February 25, 2026, the Government filed its *Reply to Defendant's Response to Government's Informative Motion Regarding*

**3| Crim. No. 25-21(GMM)**

*Restitution* ("Reply"). (Docket No. 75). This reply appended eighty-one (81) pages of receipts – largely in Spanish – for the repairs and expenses undertaken by Luichy's Hotel to substantiate the $311,096.07 figure. The Court ordered the Government, at Docket No. 78, to submit translations of those documents; such translations were submitted at Docket No. 81. In support of its motion, the Government also filed *The United States of America's Motion Submitting Unsworn Declaration Under Penalty of Perjury* (Docket No. 73) and submitted A.M.N.'s *Unsworn Declaration Under Penalty of Perjury* attesting to the expenses. (Docket No. 73-1).

The matter is now ripe for adjudication.

## I.    APPLICABLE LAW

In this case, the Court has the authority pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A and the parties' *Plea Agreement* to order restitution.

Under the MVRA, restitution is required for certain crimes, including offenses against property, like arson. 18 U.S.C. § 3663A(c)(1)(A)(ii). In cases involving the damage, loss, or destruction of property, restitution must be limited to that which the statute authorizes: return of the property, or payment of the property's value, either on the date of damage or loss or on the date of sentencing, less the value of any part of the property that is returned. Id. § 3663A(b).

4| Crim. No. 25-21(GMM)

Restitution is imposed "in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." Id. § 3664(f)(1)(A). Courts are "not expected to undertake a full-blown trial" to determine the appropriate amount of restitution. United States v. Naphaeng, 906 F.3d 173, 179 (1st Cir. 2018). District courts "resolv[e] uncertainties with a view toward achieving fairness to the victim." United States v. Alphas, 785 F.3d 775, 787 (1st Cir. 2015) (quotation omitted). The MVRA analysis is a "fact specific undertaking and will vary case-by-case." In re Akebia Therapeutics, Inc., 981 F.3d 32, 39 (1st Cir. 2020) (citation omitted). A restitution order need not comply with "standards of scientific precision." United States v. Sánchez-Maldonado, 737 F.3d 826, 828 (1st Cir. 2013); United States v. González-Calderón, 920 F.3d 83, 85 (1st Cir. 2019) (holding that a restitution order will pass muster if it is "record-based and constitutes a fair appraisal of the victim's actual losses") (citation and internal quotation omitted).

Restitution cannot, however, rest on mere "speculation and surmise." United States v. Vaknin, 112 F.3d 579, 587 (1st Cir. 1997). The Government shoulders the burden of establishing the loss amount by a preponderance of the evidence. United States v. Vega-Martínez, 949 F.3d 43, 54 (1st Cir. 2020); see 18 U.S.C. § 3664(e). This includes "the burden of demonstrating a proximate,

but-for causal nexus between the offense of conviction and the actual loss." United States v. Padilla-Galarza, 990 F.3d 60, 92 (1st Cir. 2021). "This standard is relatively modest in application, as 'a modicum of reliable evidence' may suffice both to establish the requisite causal connection and to justify a dollar amount." Id. at 92 (quoting United States v. Flete-Garcia, 925 F.3d 17, 37 (1st Cir. 2019)).

The MVRA mandates that the United States Probation Office shall "include in its presentence report . . . information sufficient for the court to exercise its discretion" of issuing a restitution order. 18 U.S.C. § 3664(a). As relevant here, "Victim Impact Statements and presentence reports are reliable sources, often serving as the factual basis for restitution orders." Sánchez-Maldonado, 737 F.3d at 828. Reliance on a presentence report's listing of victims and loss amounts is appropriate "[i]n the absence of rebuttal evidence beyond defendant's self-serving words." United States v. Olivero, 552 F.3d 34, 40 (1st Cir. 2009) (quoting United States v. Prochner, 417 F.3d 54, 66 (1st Cir. 2005)).

## II.  ANALYSIS

It is uncontested that restitution is owed under the MVRA and the Plea Agreement. As to restitution, the Victim Impact section of the Amended Presentence Report ("Amended PSR") filed on October 14, 2025 originally stated that as to A.M.N. "the total amount of

expenses in reparations to the property reflect approximately $311,759.79." (Docket No. 58 at 8 n.11). On November 4, 2025, a second *Amended PSR* was filed at Docket No. 62, pursuant to this Court's order to revise the Victim Impact section to reflect the updated restitution amounts discussed at the sentencing hearing and detailed in the Government's memorandum at Docket No. 61. The second *Amended PSR* indicates that upon further review of receipts that have been provided by the victims, "as to victim A.M.N., he suffered [economic] losses in the amount of $311,096.07 as detailed in Exhibit 1." (Id. at 10 ¶ 30).

In accordance with First Circuit precedent, the Victim Impact Statement and presentence report are considered reliable sources, which can serve as a basis for this Court's restitution order. *See* Sánchez-Maldonado, 737 F.3d at 828. However, since the matter of the restitution amount as to A.M.N. was contested, the Court carefully reviewed the exhibits originally submitted with the Government's sentencing memorandum, as well as those recently submitted as part of its *Reply*. These exhibits included a spreadsheet, as well as invoices, receipts, and checks submitted to and included by reference in the *Amended PSR*.

Here, the Government submitted a spreadsheet summarizing A.M.N.'s losses together with documentary evidence that substantiates the information included therein. (Docket Nos. 66-1, 81-1, 81-2,81-3). In addition, the Government submitted an

7| Crim. No. 25-21(GMM)

*Unsworn Declaration Under Penalty of Perjury* by A.M.N. as owner of Luichy's Hotel, the property damaged by the fire initiated by Ms. Bertothy. (Docket No. 73-1). Specifically, the documents submitted include invoices from a local hardware chain store that sells building materials needed to rebuild the business; costs for the set up new signage; and purchase receipts and repair invoices of other property that was destroyed by the fire. (Docket No. 75-2).

Ms. Bertothy questions the sufficiency of the documents submitted to substantiate the restitution amount. However, it is within the district court's discretion to accept the precise victim statements and documentation submitted as sufficiently detailed and reliable evidence of the enumerated losses — especially since those statements are coupled with the undisputed narrative included the *Amended PSR*. The First Circuit has upheld reliance on a presentence report's listing of victims and loss amounts for calculating restitution "[i]n the absence of rebuttal evidence beyond defendant's self-serving words." United States v. Olivero, 552 F.3d 34, 40 (1st Cir.2009) (*quoting* United States v. Prochner, 417 F.3d 54, 66 (1st Cir.2005)). This analysis is unaffected by the fact that the billing statements, receipts and invoices are unsworn. As the First Circuit has noted, "[we are aware of no authority that requires a billing statement, prepared in the ordinary course of professional practice, to be sworn before it can be deemed reliable for purposes of a restitution order." United

**8| Crim. No. 25-21(GMM)**

States v. Cardozo, 68 F.4th 725, 735 (1st Cir. 2023). Regardless, the victim A.M.N. has stated under penalty of perjury that his property, Luichy's Hotel "was almost completely destroyed as a result of arson" and that expenses detailed were "incurred to rebuild Luichy's Hotel". (Docket No. 73-1 at 1).

Ms. Bertothy also argues that A.M.N. has already received compensation through GoFundMe and/or similar contributions which require the Court to reduce the amount of A.M.N.'s actual loss. The Court is unaware of any binding precedent supporting this position. On the contrary, as to the victim's total loss calculation, the First Circuit has made clear that the court may not reduce the amount of restitution otherwise due under the MVRA because "a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source." Padilla-Galarza, 990 F.3d at 93 (emphasis added).[1] Accordingly, the Court will not reduce the total loss by any amounts received from such sources as requested by Ms. Bertothy. In simple terms, restitution under federal law seeks to make the victim whole, regardless of the defendant's financial circumstances or third-party contributions. Id.

---

[1] 18 U.S.C. § 3664(f)(1)(B) provides that "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." See United States v. Ochoa, No. 2:19-CR-00077-JAW, 2022 WL 1127858, at *3 (D. Me. Apr. 15, 2022), aff'd, 58 F.3d 556 (1st Cir. 2023).

**9| Crim. No. 25-21(GMM)**

In conclusion, the Court finds that the evidence submitted by the Government is reliable as it is sufficiently detailed to determine the amount of the loss and to establish the requisite causal connection between the offense of conviction — arson — and the losses by a preponderance of the evidence.

### III. CONCLUSION

The Court **ORDERS** Ms. Danielle Bertothy to pay restitution in the amount of **$311,096.07** to victim A.M.N. The Judgment shall be amended accordingly to reflect this additional restitution amount.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 23, 2026.

/s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE